4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William P. SMITH, Sr., Administrator of the Estate of Jerome
E. Smith; William P. Smith, Jr.; Arlene E.
Shelton, Plaintiffs-Appellants,
v.
Andrew WINSTON, Sheriff; Major Gary Hill; Officer David
Miller; Officer James Yates; Officer John Doe,
Defendants-Appellees.
 No. 92-7081.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 7, 1993.
Decided: August 23, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-92-262-R)
 Argued: Wayne Roy Morgan, Jr., Richmond, Virginia, for Appellants.
 Sarah Jane Chittom, Shuford, Rubin & Gibney, Richmond, Virginia, for Appellees.
 On Brief: John A. Gibney, Jr., Shuford, Rubin & Gibney, Richmond, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL, Circuit Judge, SPROUSE, Senior Circuit Judge, and GARBIS, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Jerome E. Smith committed suicide while a pretrial detainee at Richmond City Jail. The administrator of his estate, William P. Smith, Sr., his brother, William P. Smith, Jr, and sister, Arlene E. Shelton, brought this 42 U.S.C. Sec. 1983 action against Sheriff Andrew Winston of Richmond, Virginia, and Richmond corrections officers. The district court dismissed the plaintiffs' appeal under Federal Rule Civil Procedure 12(b)(6). We affirm.
 
 
 2
 * The decedent entered the Richmond City Jail on April 16, 1990. He was transferred to a medical isolation tier at the jail on April 18. The following day, jail personnel noted Smith's remark that he was "on a train but this building looks like it is a jail." Jail records also described his mental state as confused, disconnected from reality, and delusional. He was seen by a jail psychologist, who prescribed the drug Mellaril, customarily administered for depression and anxiety. On April 21, at noon, Smith was served lunch in his cell. Approximately ten minutes later, he was found hanging by his neck from an undershirt tied to the bars of his cell. Attempts to revive him were unsuccessful.
 
 
 3
 On April 20, 1992, the administrators of Smith's estate and members of his family filed this claim against Sheriff Winston and his subordinates.[1] At the court's direction, the plaintiffs later filed an amended complaint alleging that the defendants violated Smith's constitutional rights by failing to: (1) recognize Smith's potential for suicide, evident because he was placed in isolation, was prescribed an anti-depressant, and exhibited other signs of mental instability; (2) promulgate procedures or policies to safeguard potential suicidal detainees; and (3) adequately train and supervise jail employees in suicide prevention. The complaint also included pendant state law claims.
 
 II
 
 4
 Our review of the district court's ruling is governed by the familiar principle stated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." We, of course, recognize that in jail suicide cases officials violate the due process rights of their detainees when they have displayed " 'deliberate indifference to serious medical needs.' " Gordon v. Kidd, 971 F.2d 1087, 1094 (4th Cir. 1992) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). As we have previously held, " 'prison officials have a duty to protect prisoners from self-destruction,' " but this duty extends only to officials with reason to suspect that the detainee was a suicidal risk. Gordon, 971 F.2d at 1094 (quoting Lee v. Downs, 641 F.2d 1117, 1121 (4th Cir. 1981)); see Buffington v. Baltimore County, 913 F.2d 113, 120 (4th Cir. 1990), cert. denied, 111 S. Ct. 1106 (1991).
 
 
 5
 We agree with the district court's determination that no averment in the complaint suggested that Richmond jail officials acted with "deliberate indifference to [Smith's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). It is true that the complaint alleged sufficient facts to alert the defendants that Smith was emotionally unstable. But these facts alone are not sufficient to suggest that the jail officials had any knowledge that Smith was suicidal. See Gordon, 971 F.2d at 1094-95; Belcher v. Oliver, 898 F.2d 32, 35-36 (4th Cir. 1990). Here, the jail officials had no reason to believe that Smith was contemplating suicide. They placed him in isolation and prescribed medication because he exhibited symptoms of depression and anxiety, not because he displayed suicidal traits. Under these circumstances, the prison officials' failure to detect Smith's potential for suicide is at best negligence and falls short of the"deliberate indifference" standard. See Gordon, 971 F.2d at 1095; see also Elliot v. Chesire County, 940 F.2d 7, 11 (1st Cir. 1991) ("[T]here can be no deliberate indifference if the defendants are unaware that the detainee poses a risk of harm to himself."). As in other cases, this tragedy simply "cannot be ameliorated by efforts to affix constitutional blame where its does not belong." Belcher, 898 F.2d at 36.
 
 
 6
 The other contentions raised on appeal are similarly without merit. Since there was no violation of Smith's constitutional rights, it follows that Sheriff Winston did not violate a duty to train or to maintain adequate conditions at the jail. See id. Nor do we find error in the dismissal of the plaintiffs' pendant state law claims.[2]
 
 
 7
 In view of the above, the judgment of the district court is affirmed.[3]
 
 AFFIRMED
 
 
 [1]
 The other defendants include Major Gary Hill, Security Officer David Miller, Security Officer James Yates, and other unidentified security officers at Richmond City Jail
 
 
 [2]
 Likewise, we find no merit to the plaintiffs' allegation that the defendants failed to establish procedures for the prevention of Smith's suicide
 
 
 [3]
 It is, of course, unnecessary to consider the defendants' qualified immunity claim